```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**KIRBY DORIS**                                                    **CIVIL ACTION**

**VERSUS**                                                         **NO. 08-4176**

**SHERIFF M. GUSMAN, ET AL**                                       **SECTION "C" (5)**

## REPORT AND RECOMMENDATION

Plaintiff, Kirby Doris, a prisoner currently incarcerated in Orleans Parish Prison ("OPP"), has filed this pro se and in forma pauperis complaint pursuant to 42 U.S.C. §1983, complaining about "the lack of upkeep in the living quarters [he is] assigned too [sic]". Plaintiff states that he does "not feel that the keeper (Sheriff Gusman) [or] the investor (FEMA) of [OPP] is doing their fullest to insure the best of health conditions on [his] behalf." Specifically, plaintiff complains that the air conditioner vents "are not properly cleaned" and the environment is not "dust free". As a result, plaintiff claims that he is experiencing "serious breathing problems" and is receiving "little or no medical care". Plaintiff has named as defendants Orleans Parish Criminal Sheriff Marlin Gusman and the Federal Emergency Management Agency ("FEMA").

An in forma pauperis complaint may be dismissed if it is

determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §1915(e)(2).  The court has broad discretion in determining the frivolous nature of the complaint.  See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds by Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at 116.

As noted above, the instant action has been brought before this court pursuant to 42 U.S.C. §1983.  Claims under §1983 only lie against "persons acting under color of state law."[1]

---

[1] Section 1983 of the United States Code, Title 42, provides that:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States

Accordingly, §1983 claims against a federal agency, such as FEMA, are not cognizable.  See Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n. 4 (2nd Cir. 1991) (prerequisite for relief under §1983 "is that the defendant acted under color of state law); Hindman v. Healy, 278 Fed. Appx. 893, 896, 2008 WL 2067361, *3 (11th Cir. 2008) (because plaintiff alleged defendant was a federal actor, not a state actor, plaintiff cannot support a claim under §1983).

Further, a state actor generally may be liable under §1983 only if he "was personally involved in the acts allegedly causing the deprivation of constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation."  Douthit v. Jones, 641 F. 2d 345, 346 (5th Cir. 1981); see also Watson v. Interstate Fire & Casualty Co., 611 F. 2d 120 (5th Cir. 1980).  Respondeat superior is not a legal theory under which liability can be visited on Orleans Parish Criminal Sheriff Marlin Gusman.  Monell v. New York City Dept. of Soc. Serv., 436 U.S. 658, 690-91 (1978).  Plaintiff does not contend and there is no evidence to suggest that Criminal Sheriff Gusman was personally involved or played a role in not properly

---

or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

cleaning the air conditioning vents, not maintaining a "dust free" environment, and not ensuring that plaintiff received adequate medical care in connection with his alleged "breathing problems". Nor does plaintiff contend that the pertinent medical care, or lack thereof, and/or the intolerable living conditions, were in accordance with an unconstitutional policy promulgated by Sheriff Gusman or was the result of Gusman's gross negligence in failing to properly supervise employees working in Orleans Parish Prison.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's Section 1983 claims be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure
to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   1st   day of   October  , 2008.

*[signature: Alma L. Chasez]*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

4